### DESCENT OF REALTY IN WIFE'S NAME.

Common Pleas Court of Hamilton County.

CHARLES F. WRIGHT ET AL V. EDWARD S. PEASLEE, EXECUTOR, ET AL.

Decided, January 27, 1913.

*Descent and Distribution—Husband Inherits Property Purchased by Wife—With Money Given Her by Her Parents—Section 8573.*

Where a wife takes title in her own name to property purchased for a home with funds given her by her parents for that purpose, and dies intestate and without issue, the property will be treated as having come to her by purchase rather than from an ancestor, and title thereto passes to her husband and his heirs and devisees under the rule that the descent of real estate is controlled by the legal title.

*Scott Bonham,* for plaintiffs in error.
*John E. Fitzpatrick,* contra.

GORMAN, J.

This proceeding is one on error from a judgment of the Probate Court of Hamilton County. The action in the probate court was brought by Edward S. Peaslee, executor of the last will and testament of John B. Peaslee, deceased, against Charles F. Wright et al, being all the heirs and next of kin of John B. Peaslee, deceased, and also the heirs and next of kin of his deceased wife, Lou W. Peaslee (nee Wright).

The petition in that court was one to sell real estate to pay debts of John B. Peaslee, deceased. The real estate was described therein, and among other things it was recited that the premises were the same that were conveyed to Lou W. Peaslee,

wife of John B. Peaslee, by Augustus G. Bofinger and Lewis G. Hopkins, by deed dated June 19, 1893.

The defendants, Charles F. Wright and J. Gano Wright, filed an answer in the probate court setting up that they were the brothers and only heirs at law of Lou W. Peaslee, deceased, formerly the wife of John B. Peaslee, also deceased, and that John B. Peaslee and his wife, Lou W. Peaslee, died without leaving any issue surviving them or either of them. They further set up that the property described in the petition of the plaintiff was owned by said Lou W. Peaslee during her lifetime and up until her decease, and that said property or real estate was purchased by her in about the year 1892 during the time of her marriage with said John B. Peaslee; and they further aver that the consideration paid for said property to the extent of $3,500 was paid by her from funds furnished to her by her father, Joseph F. Wright, and other funds furnished to her by her mother, Mary G. Wright, also the mother of these defendants, and from other funds derived by her from other ancestors of hers and these defendants. The petition avers that Lou W. Peaslee was the owner in fee simple of the real estate described in the petition and died intestate without issue, leaving as her sole heir at law and sole devisee under her will, John B. Peaslee. The said John B. Peaslee died testate without issue, having devised said real estate which came to him from his deceased wife, to Marshall Peaslee, Reuben Peaslee, Daniel M. Peaslee and other next of kin of John B. Peaslee.

The answer of the next of kin of Mrs. Peaslee in the probate court further set up that by reason of the fact that the funds which purchased this real estate came to Mrs. Peaslee by gift from her ancestors to the extent of $3,500, that therefore John B. Peaslee held only a life estate in the real estate so owned by his wife, and that he had no title to said real estate except a life estate therein, and that at his death the real estate passed as ancestral property to the extent of $3,500, to the heirs and next of kin of Lou W. Peaslee, the wife of John B. Peaslee. In brief, the heirs and next of kin of Mrs. Peaslee claim that this real estate to the extent of the amount of money

invested therein by Mrs. Peaslee, which came to her from her father and other relatives, was ancestral property under Section 8573 of the General Code. This is the section applicable to the descent of ancestral real estate. It is claimed by the Wright's that this real estate in the hands of Mrs. Peaslee at the time of her death was ancestral property to the extent of $3,500, and that therefore Mr. Peaslee had but a life estate in $3,500 of the property.

We are of the opinion that all the questions involved in this case are conclusively settled adversely to the claim of the plaintiffs in error by the cases of *Patterson* v. *Lampson*, 45 Ohio St., 77, and *Russell* v. *Bruer*, 64 Ohio St., 1. The course of descent of real estate is controlled by the legal title. Mrs. Peaslee held the legal title to this property. It is immaterial from what source the moneys came with which she purchased the property. The title to this real estate did not come to her from an ancestor, but came to her by purchase from Bofinger & Hopkins.

Upon the authority of these two cases and upon the construction of the statutes, as well as on reason, the court is of the opinion that the judgment of the probate court in sustaining the demurrer to the answer of the plaintiffs in error and holding that they have no right, title or interest in the real estate sought to be sold in the probate court, was a correct conclusion and sound law.

The judgment of the probate court is therefore affirmed at the costs of the plaintiffs in error.